Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, & Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Glen Anderson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Glen Anderson<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC<br><br>Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Violation of Fair Credit Reporting Act; |

COMES NOW Plaintiff Glen Anderson (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a)(2)(A)), 15 U.S.C. § 1681c(a), 15 U.S.C. § 1681i(a)(4)), and 15 U.S.C. §1681i(a)(5)(A)).

2. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendant Equifax Information Services, LLC (hereinafter "Equifax") in connection with its inaccurate, misleading, and incomplete reporting of a bankruptcy filing.

3. Specifically, Plaintiff seeks to hold Equifax liable for the inaccurate and incomplete reporting of a bankruptcy case that was filed by Plaintiff nearly 18 years ago.

4. Instead of removing record of the bankruptcy filing from nearly 18 years ago Equifax continues to maintain record of that filing and share it with prospective lenders and other entities performing credit inquiries with Equifax.

5. Such reporting is misleading and adversely impacts Plaintiff's credit worthiness.

6. Various third parties have been exposed to the inaccurate and incomplete reporting of the stale bankruptcy information contained in Plaintiff's Equifax credit profile.

7. Plaintiff's credit has been damaged as a result of the inaccurate and misleading reporting.

8. Plaintiff was denied credit by Citibank, N.A. on multiple occasions due to Equifax continuing to inaccurately report a bankruptcy despite Plaintiff not filing for bankruptcy protection within the last ten years.

9. Citibank's denial of Plaintiff's credit applications occurred after Plaintiff disputed the inaccurate information with Equifax.

10. As it currently stands, Equifax continues to intentionally share and transmit inaccurate and misleading credit reporting information to prospective lenders, preventing Plaintiff from obtaining credit.

## JURISDICTION & VENUE

11. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as fully set forth herein.

12. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.

13. This venue is proper pursuant to 28 U.S.C. §1391(b)(1).

14. Plaintiff resides within the judicial district where this action is being filed and the events that give rise to Plaintiff's causes of action occurred within the Sacramento Division of the Eastern District of California.

15. Defendant Equifax is a credit reporting agency that provides consumer information regarding consumers throughout the United States, including those located in California.

## GENERAL ALLEGATIONS

16. Plaintiff alleges that Equifax is familiar with credit reporting industry standards and subscribes thereto.

17. Plaintiff alleges that Equifax understands that deviation from credit reporting industry standards and the FCRA can, and often does, result in denial of credit, higher interest rates, and prompts those making credit decisions to draw a more negative inference from the reported data than if Equifax otherwise followed the requirements of the FCRA.

18. Plaintiff alleges that all actions alleged herein by Defendant Equifax were done knowingly, intentionally, and in reckless disregard for credit reporting industry standards in an attempt to purposefully undermine Plaintiff's credit.

19. In the alternative, Plaintiff alleges that Defendant Equifax's actions were the result of reckless policies and procedures that inevitably led to inaccurate, misleading, or incomplete credit reporting.

20. In early 2024 Plaintiff's credit card application was denied by Citibank due apparently to a recent bankruptcy filing.

21. Citibank specifically informed Plaintiff that, after Citibank reviewed Plaintiff's credit report from Equifax, it was unable to approve his application due to a bankruptcy.

22. Plaintiff was concerned as the only bankruptcy he filed was nearly 18 years ago, and well beyond the reporting timeframe identified in 15 U.S.C. § 1681c-a.

23. In response, Plaintiff prepared and submitted a dispute to Equifax that informed Equifax that any bankruptcy record needed to be removed as it was improper to continue disclosing the stale information.

24. Plaintiff's dispute was mailed to Equifax on February 5, 2024.

25. Equifax received Plaintiff's dispute on February 11, 2024.

26. After the statutory time period elapsed, Plaintiff again applied for an unsecured credit card, as Equifax would have corrected its inaccurate and misleading information in response to his February 5, 2024 dispute.

27. However, in April of 2024 Plaintiff was again denied credit by Citibank.

28. Citibank specifically informed Plaintiff that the denial was based on information obtained solely from Equifax, and that the information from Equifax identified a recent bankruptcy filing.

29. Instead of deleting, suppressing, or otherwise scrubbing any reference to a bankruptcy filing from Plaintiff's credit profile, Equifax continued to publish and otherwise share inaccurate information regarding stale bankruptcy records in violation of the FCRA.

30. Plaintiff's credit report and score has been harmed because of Equifax's failure to remove stale and outdated bankruptcy information, causing unnecessary denials of credit.

### FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681e(b))
Against Equifax)

**Equifax Information Services, LLC – Failure to Assure Credit Reporting Accuracy.**

31. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

32. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained concerning Plaintiff.

33. Had Equifax maintained reasonable procedures to assure maximum accuracy Equifax would never have allowed the nearly two-decade old bankruptcy information to continue to appear on Plaintiff's credit report and credit file.

34. As a result of Equifax's violation of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: diminished credit, damage to reputation, embarrassment, humiliation, multiple denials of credit, and other mental and emotional distress.

#### Willfulness

35. The violations described herein by Equifax were willful.

36. Specifically, Equifax has intentionally and purposefully set up a system where inaccuracies are not only probable but inevitable.

37. In 2012 the FTC reported that 1 in 5 consumer credit reports contains a material error.

38. When those errors are disputed, Equifax intentionally sends consumer disputes to employees who do not live within the continental United States.

39. This is intentionally done in order to hide and/or subvert a consumer's ability to confront individuals directly responsible for approving accurate reporting.

40. Such a policy also inevitably leads to disputes going unresolved as these employees for Equifax receive little to no training concerning how to accurately review disputes and make updates to a consumer's credit profile.

41. Equifax employees are regularly expected to review and approve over 90 disputes per day rendering less than five minutes to review, investigate, and respond to each dispute received.

42. Equifax has intentionally set up this system in order to undermine, hide, and otherwise frustrate consumers' ability to properly dispute and correct inaccurate credit reporting information.

43. Equifax also allowed inaccurate and misleading historical information to remain on Plaintiff's credit report and credit file despite being informed that the information was stale and no longer allowed to be associated with information contained within Plaintiff's credit report.

44. Despite Equifax being provided with the details of the problematic bankruptcy information, Equifax continue to allow the inaccurate and stale records to appear and be published for third-party lenders to review.

45. Consequently, Defendant Equifax is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. In the alternative, Equifax was at least negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

//

//

//

**SECOND CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b))
Against Defendant Equifax)

**Equifax – Failure to Reinvestigate Disputed Information.**

48. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

49. After Plaintiff disputed the stale information mentioned above, Equifax was required to conduct a reasonable investigation and to delete any information that was not accurate under 15 U.S.C. § 1681i-(a)1.

50. Equifax failed to conduct a reasonable investigation and failed to correct the misleading and/or inaccurate information regarding the bankruptcy filing within the statutory time frame or at all.

51. Equifax could not have possibly done any type of reasonable investigation into this matter as Plaintiff explicitly explained what the problem was regarding the reporting of outdated and stale information, yet Equifax continued to allow third parties to be exposed to that misleading information.

52. Plaintiff alleges that Equifax has its own independent duty to conduct a reasonable investigation under 15 U.S.C. § 1681i-(a)1.

53. Equifax failed to conduct a reasonable investigation because any basic investigation would have included a review of Plaintiff's dispute letter.

54. Equifax therefore did not do the most basic investigation regarding credit reporting industry standards; otherwise, the aforementioned would have been uncovered.

55. Such policies and procedures inherently lead to inaccurate information being reported and therefore such an investigation is wholly unreasonable and reckless, i.e. willful.

**THIRD CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(4))
Against Defendant Equifax)

**Equifax – Failure to Review and Consider All Relevant Information.**

56. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

57. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

58. As a Equifax's violation of 15 U.S.C. § 1681i(a)(4), Plaintiff suffered actual damages, including but not limited to, damage to reputation, embarrassment, humiliation, and other mental and emotional distress as well as financial harm.

59. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Equifax as negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**FOURTH CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(5)(A))
Against Defendant Equifax)

**Equifax– Failure to Delete Disputed and Inaccurate Information.**

62. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

63. Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

64. As a result of Equifax's violation of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to, damage to reputation, multiple denials of credit, embarrassment, humiliation, and other mental and emotional distress.

65. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

67. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### FIFTH CAUSE OF ACTION
(Violation of Fair Credit Reporting Act 15 U.S.C. § 1681c(a))
Against Defendant Equifax)

**Equifax – Failure to Review and Consider All Relevant Information.**

68. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

69. Equifax violated 15 U.S.C. § 1681c(a) by failing to remove stale and outdated information regarding a bankruptcy filing that took place nearly 18 years ago.

70. As a Equifax's violation of 15 U.S.C. § 1681c(a), Plaintiff suffered actual damages, including but not limited to, damage to reputation, embarrassment, humiliation, and other mental and emotional distress as well as financial harm.

71. The violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

72. In the alternative, Equifax as negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n;
2. Award punitive damages in order to deter further unlawful conduct pursuant to

15 U.S.C. § 1681n;

3. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o;

4. For determination by the Court that Equifax's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

5. For determination by the Court that Equifax's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

                                              **Gale, Angelo, & Johnson, P.C.**

Dated: May 1, 2024                    */s/ Joe Angelo*
                                              Joe Angelo
                                              Attorney for Plaintiff